UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRUCE PECK ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF BOSTON ) | **COMPLAINT** |
| ) | |
| Defendant ) | |

## PARTIES

1. Plaintiff Bruce "Chance" Peck is a resident of Hollywood, Florida.

2. Defendant City of Boston is a municipality and political subdivision of the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, as a civil action arising under the Constitution and laws of the United States, and under 28 U.S.C. § 1343.

4. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202 which empower this Court to "declare the rights and other legal relations of any interested party seeking such a declaration" and under Federal Rules of Civil Procedure 57 and 65.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## BACKGROUND

6. Bruce Peck ("Peck") is street performer, who goes by the stage name Chance. He has been a street performer for 16 years and has performed in over 25 countries.

7. In the summer of 2008, Peck performed at Dock Square and Faneuil Hall Square (collectively called "Dock Square") in Boston, Massachusetts.

8. Dock Square is public property owned by the City of Boston.

9. The City of Boston funds and oversees the Boston Police Department.

10. In the summer of 2008, Peck performed as a human statue, namely, a golden cowboy. He wore a golden outfit and painted his skin gold. As part of his act, he struck various poses for the crowd's enjoyment.

11. Peck's human statue performance is protected speech under the United States Constitution.

12. On the order of Boston City officials, Boston Police unconstitutionally cracked down on Dock Square street performers.

13. During the 2008 summer, metal barricades were put around the Faneuil Hall building. Boston Police told street performers that the barricades were erected to keep performers away from the building's fire lanes.

14. On or about July 27, 2008, members of the Boston Police Department stopped Peck and other street performers from performing. Boston Police collected all the Dock Square street performers and ordered that they only perform in a 15-foot-by-15-foot-square area (the "Area").

15. Corralled into the Area, performance was impossible. Although one act could perform, all other street performers were helpless to carry on their performances.

16. The Area was completely unregulated. There was no time limit on performances and most performers were unable to perform.

17. Boston Police threatened to arrest anyone who performed outside of the Area. Boston Police also refused to tell Peck what law banned performance outside the Area. Peck was told all questions had to be referred to Boston City Hall. After going to Boston City Hall, and being sent to four different offices, Peck was again unable to obtain an answer.

18. After July 27, 2008, Boston Police continued to ban performance outside of the Area. Anyone performing outside of the area was subject to arrest.

19. Because Boston Police made performance impossible and persisted in threatening to arrest anyone performing outside the Area, Peck stopped going to Faneuil Hall to perform.

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983

20. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 above.

21. The City of Boston's policies and resulting action, as described above, have caused the Plaintiff to fear he will be arrested if he performs at Dock Square.

22. The City of Boston's policies and resulting action, have deprived the Plaintiff of his rights under the Free Speech Clause of the First and Fourteenth Amendments to the United States Constitution. This gives rise to the Plaintiff's claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2202.

## **PRAYERS FOR RELIEF**

WHEREFORE, Bruce Peck prays that this Court:

A. Declare that the Defendant has violated the First and Fourteenth Amendment rights of the Plaintiff;

B. Enter a preliminary injunction against the Defendant;

C. Enter a permanent injunction against the Defendant;

D. Award the Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988(b); and

E. Grant all such other and further relief as this Court deems just and proper.

- 5 -

BRUCE PECK,

By his attorney,

/s/ Shane P. Early
Shane P. Early (BBO# 673541)
searly@nutter.com
Nutter McClennen & Fish, LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
T:     617-439-2000
F:     617-310-9000

Dated: April 16, 2009

1816231.3