UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:09-CV-10606-JGD

BRUCE PECK,
      Plaintiff,

v.

CITY OF BOSTON
      Defendant.

## DEFENDANT CITY OF BOSTON'S ANSWER

### PARTIES

1. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the allegation set forth in Paragraph One of the Complaint.

2. Admitted.

### JURISDICTION AND VENUE

3. Paragraph Three of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent Paragraph Three states factual claims, Defendant City of Boston denies such allegations.

4. Paragraph Four of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent Paragraph Four states factual claims, Defendant City of Boston denies such allegations.

5. Paragraph Five of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent Paragraph Five states factual claims, Defendant City of Boston denies such allegations.

## BACKGROUND

6. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph Six of the Complaint.

7. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph Seven of the Complaint.

8. Admitted.

9. Admitted.

10. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph Ten of the Complaint.

11. Paragraph Eleven of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent Paragraph Eleven states factual claims, Defendant City of Boston denies such allegations.

12. Defendant City of Boston denies the factual allegations set forth in Paragraph Twelve of Plaintiff's Complaint. To the extent Paragraph Twelve is a legal conclusion, no response is required.

13. Defendant City of Boston admits the factual allegations set forth in the first sentence of Paragraph Thirteen of Plaintiff's Complaint. Defendant City of Boston denies the remaining factual allegations set forth in Paragraph Thirteen of the Complaint.

14. Defendant City of Boston denies the factual allegations set forth in Paragraph Fourteen of Plaintiff's Complaint.

15. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph Fifteen of the Complaint.

16. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph Sixteen of the Complaint.

17. Defendant City of Boston denies the factual allegations set forth in the first two sentences of Paragraph Seventeen of Plaintiff's Complaint. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in sentences three and four of Paragraph Seventeen of the Complaint

18. Defendant City of Boston denies the factual allegations set forth in Paragraph Eighteen of Plaintiff's Complaint.

19. Defendant City of Boston denies that the Boston Police made performance impossible and persisted in threatening to arrest anyone outside the Area. Defendant City of Boston is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph Nineteen of the Complaint

## COUNT I
## VIOLATION OF 42 U.S.C. § 1983

20. Defendant City of Boston incorporates herein its responses to Paragraphs One through Nineteen of the Complaint as fully set forth herein.

21. Paragraph Twenty-One of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent Paragraph Twenty-One states factual claims, Defendant City of Boston denies such allegations.

22. Paragraph Twenty-Two of Plaintiff's Complaint is a legal conclusion to which no response is required. To the extent Paragraph Twenty-Two states factual claims, Defendant City of Boston denies such allegations.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The First Amended Complaint fails to state a claim against Defendant City of Boston upon which relief may be granted.

### Second Affirmative Defense

Defendant City of Boston states that the injuries and damages alleged were caused by a person or entity over which it has no control.

### Third Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the City and the violation of plaintiff's constitutional rights.

### Fourth Affirmative Defense

Defendant City of Boston states that at all relevant times, it acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

### Fifth Affirmative Defense

Defendant City of Boston states that the Plaintiffs have not been deprived of any rights secured by either the Constitutions or the laws of the United States, or of the Commonwealth of Massachusetts.

### Sixth Affirmative Defense

Defendant City of Boston states that the injury or damage alleged in Plaintiffs' Complaint was neither caused nor proximately caused by Defendant City of Boston.

### Seventh Affirmative Defense

Defendant City of Boston states that pursuant to G.L. c.258 §10(c), it is not liable for any intentional tortious conduct by an employee.

### Eighth Affirmative Defense

Defendant City of Boston states that pursuant to G.L. c. 258 §10(j), it is not liable for claims based on negligent supervision or training, and/or claims based on a failure to prevent tortious conduct of which it is not the original cause.

### Ninth Affirmative Defense

Defendant City of Boston at all times acted in good faith and upon the reasonable belief that its actions were required and in compliance with all relevant laws and circumstances.

### Tenth Affirmative Defense

Defendant City of Boston's acts and conduct were performed according to, and protected by, law and/or legal process and therefore, the Plaintiffs cannot recover.

### Eleventh Affirmative Defense

Defendant City of Boston states that the injuries alleged were caused by plaintiff's own intentional conduct and not the conduct of defendant.

## JURY CLAIM

Defendant, City of Boston, demands a trial by jury on all claims.

Respectfully submitted,

DEFENDANT CITY OF BOSTON
William F. Sinnott
Corporation Counsel

By its attorneys:

/s/ Sean P. Nehill
Sean P. Nehill
BBO# 665738
Alexandra Alland
BBO# 652152
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
sean.nehill@cityofboston.gov
alexadra.alland@cityofboston.gov
(617) 635-4049 (Nehill)
(617) 635-4031 (Alland)

## CERTIFICATE OF SERVICE

I, Sean P. Nehill, hereby certify that on this date, I served the attached Answer by electronic mail and 1st Class mail on all counsel of record in this matter.

June 5, 2009          /s/ Sean P. Nehill
Date                  Sean P. Nehill

6